AUTHORITY TO COMMISSION SPECIAL OFFICERS
The board of county commissioners of a county is authorized to commission special officers or patrolmen for the purposes specified in 47 O.S. 97 [47-97] (1971). The special officers so commissioned must give a bond conditioned upon the faithful performance of their duties to enforce laws "regarding motor vehicles or the usage of public highways or for other violations of the law". However, the appointment of such special officers may not be made except in conformity with 70 O.S. 3311 [70-3311] (1975), which requires that all persons receiving a permanent appointment as a peace officer in this state be trained and tested and issued a certificate by the Southwest Center for Law Enforcement Education. Although the board of county commissioners may compensate officers specially commissioned under 47 O.S. 97 [47-97] (1971), said special officers may not be paid any compensation from fines and forfeitures derived through violations of traffic laws. All such fines and forfeitures must be deposited in the Court Fund and all claims against the Court Fund must be limited to those items specifically allowed under 20 O.S. 1304 [20-1304] (1975). In light of the fact that the Legislature has repealed Sections 92, 92a, 93, 94 and 95 of Title 47, the penalty provision provided in Section 98 has been superseded and it was the clear intent of the Legislature that Section 98 be repealed by implication. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Is the board of county commissioners of a county authorized to commission special officers or patrolmen for the purposes specified in 47 O.S. 97 [47-97] (1971), in light of the repeal of Sections 91-92b, 93, 94, 95 and 96, all of which sections contain the specific provisions to be enforced by special officers? 2. If Question 1 is answered in the affirmative, is that part of Section 97 providing for the remuneration of such special officers in conflict with laws subsequently enacted directing the deposit of all fees, fines and forfeitures in the court fund as provided by 20 O.S. 1301 [20-1301] and 20 O.S. 1304 [20-1304] [20-1304] (1971)? 3. Is 47 O.S. 98 [47-98] (1971), which provides a penalty for violations of Sections 94 and 95 a valid law in full force and effect in view of the fact that said sections have been specifically repealed? Title 47 O.S. 97 [47-97] (1971), provides: "For the purpose of enforcing the provisions of this act, any peace officer or specially commissioned officer shall have authority to make arrests for the violations of any provisions of this act, and the board of county commissioners of any county is hereby given authority to commission special officers or patrolmen as peace officers to patrol public highways and they shall have authority to make arrests for the violations of any of the provisions of this act or any other act regarding motor vehicles or the usage of public highways or for other violations of law. Such special officer or patrolman shall give bond conditioned upon the faithful performance of his duties in such sum as may be fixed by the board of county commissioners in any sum not less than Twenty-five Hundred ($2,500.00) Dollars. Such arresting officer shall in addition to any remuneration as may be approved by the board of county commissioners, receive one-fourth (1/4) of all fines and forfeitures derived through the violations of this or any other act regulating the use of motor vehicles on the public highways of this state, together with the statutory fees allowed constables, and the residue of any such fines or forfeitures shall be deposited with the county treasurer and placed to the credit of the county road maintenance fund. The board of county commissioners shall have such further authority as may by resolution of the board be determined upon as being necessary to properly regulate and enforce the provisions of this act." Title 47 O.S. 98 [47-98] (1971) provides: "Any individual, person, firm or corporation violating any of the provisions of Sections 11 and 12 of this act shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be fined in any sum not less than Twenty-five Dollars ($25.00) nor more than Five Hundred Dollars ($500.00)." The reference to Sections 11 and 12 in Section 98 above relates to Sections 47 O.S. 94 [47-94] and 47 O.S. 95 [47-95] of Title 47, which sections have been expressly repealed. Prior to their repeal, the various sections above mentioned comprised a comprehensive "act" relating to motor vehicles including provisions concerning speed limits, driving under the influence of intoxicating liquor or drugs, speed of vehicles exceeding specified weights, prohibiting the use of more than one trailer or semi-trailer, etc. Down through the years the Legislature has whittled away at the "act" until only Sections 47 O.S. 97 [47-97] and 47 O.S. 98 [47-98] remain. The immediate question to be resolved is whether the "special officers" provided for in Section 97 and the penalty provisions contained in Section 98 are still viable in light of the fact that the sections establishing the violations which the officers were intended to enforce and for which the penalty provisions were enacted have been repealed. What has actually happened, of course, is that the repealed sections have been codified elsewhere in Title 47. For instance, speed limits for vehicles of all kinds are prescribed in 47 O.S. 11-801 [47-11-801], et seq. It is made a violation of the law to operate a motor vehicle while under the influence of liquor or drugs in 47 O.S. 11-902 [47-11-902] (1971). It appears that had the Legislature intended to repeal Section 97 it would have been simple enough to do so. What is more apparent is that the Legislature in not repealing the section has indicated its intent that the board of county commissioners retain the power to appoint special officers for the purpose of enforcing laws "regarding motor vehicles or the usage of public highways or for other violations of law." The Legislature intends that in addition to officers of the Oklahoma Highway Patrol and the sheriff of the county and his deputies that the county commissioners be empowered to commission other officers for the purpose of enforcing the traffic laws. It must be concluded that the board of county commissioners may specially commission officers who must give a bond conditioned upon the faithful performance of their duties to enforce laws "regarding motor vehicles or the usage of public highways or for other violations of the law". However, the appointment of such special officers may not be made except in conformity with 70 O.S. 3311 [70-3311] (1975), which provides in pertinent part: "(4)(g) No person shall receive a permanent appointment as a police or peace officer in this state as defined in paragraph 4 of this section, unless he has undergone evaluation similar to the Minnesota Multi-Basic Personality Inventory or its equivalent, as determined by the Council on Law Enforcement Education and Training and has been awarded a certificate, attesting to his satisfactory completion of a basic police course of not less than one hundred twenty (120) hours of accredited instruction from the Southwest Center for Law Enforcement Education or a curricula or course of study approved by the Southwest Center for Law Enforcement Education. . . . . "(3) Every person who is employed as a permanent police or peace officer prior to July 1, 1968, or is retired under Title 11, 541k, shall enjoy the privilege of certification as afforded by this section. "(4) For purposes of this section a police or peace officer is defined as a full-time duly appointed or elected officer, whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, enforce all laws and city ordinances of the State, and any political subdivision thereof; provided elected sheriffs and their deputies and elected and appointed chiefs of police shall meet the requirements of paragraph (g) hereof within the first twelve (12) months after assuming the duties of the office to which they were elected or appointed." In light of Section 3311 above, it is incumbent upon the board of county commissioners of any county to commission only those persons who are certified as having been tested and trained in accordance with this section. Title 47 O.S. 97 [47-97] (1971) specifically provides that the persons commissioned as special officers or patrolmen are to be commissioned as "peace officers" and since they have been denominated as peace officers, it is imperative that they receive the requisite training and testing. Your second question requires an analysis of certain language contained in Section 97 and provisions relating to the Court Fund found at 20 O.S. 1971 1301 [20-1301] and 1304. In Section 97 it is provided that the officers commissioned under this section "in addition to any remuneration as may be approved by the board of county commissioners, receive one fourth (1/4) of all fines and forfeitures derived through the violations of this or any other act regulating the use of motor vehicles on the public highways of this state". Section 97 goes on to provide that the residue of any such fines shall be deposited with the county treasurer and placed to the credit of the county road maintenance fund. Title 20 O.S. 1301 [20-1301] (1971) provides: "All fees, fines, and forfeitures shall, when collected by the court clerk, be deposited by him in a fund in the county treasury designated "The Court Fund", and shall be used, from year to year, in defraying the expense of holding court in said county. The county treasurer shall act as an agent of the State in the care and handling of the Court Fund, but his bond shall cover his obligations in regard to this fund." Title 20 O.S. 1304 [20-1304] (1975) specifies the claims allowable against the Court Fund. Section 1304 provides in pertinent part: "(a) Claims against the Court Fund shall include only such expenses as may be lawfully incurred for the operation of the court in the county. . . . "(b) The term `expenses' shall include the following items and none others: "(12) Any other expenses now or hereafter expressly authorized by statute." Subsection (b)(12) would appear to authorize the payment of certain fees to special officers appointed by the county commissioners. However the first sentence of Section 1304 above limits claims against the Court Fund to expenses lawfully incurred for the operation of the court in the county. In light of that specific language it is apparent that the Legislature did not intend that the special officers be paid any portion of the fees, fines or forfeitures collected by them nor does the Legislature intend that any excess of such fees, fines and forfeitures be placed to the credit of the county road maintenance fund. It should be noted that Section 97 contemplates that a special officer appointed by the county commissioners may receive such remuneration as may be approved by the board of county commissioners and the language providing that such officers should receive one-fourth (1/4) of all fines and forfeitures is in addition to such remuneration. Therefore, it is clear that a board of county commissioners may compensate special officers in an amount within their sound discretion, but said special officers may not receive one fourth (1/4) of the fines and forfeitures derived through violations of traffic laws. Your third question involves a determination of whether 47 O.S. 98 [47-98] (1971), providing a penalty for the violations of sections of the law which were repealed, is still a valid provision of the law. As aforementioned in the discussion of your question 1, when Sections 92, 92a, 93, 94 and 95 of Title 47 were repealed, the Legislature codified provisions relating to the same subject matter elsewhere in Title 47. Attendant to that codification, the Legislature prescribed punishment provisions which undoubtedly supersede the provisions of Section 98. For example, when Section 47 O.S. 93 [47-93] relating to the offense of driving under the influence of intoxicating liquor or drugs was repealed in 1961, the Legislature enacted 47 O.S. 11-902 [47-11-902] dealing with the same subject matter and providing the punishment therefor. By the enactment of penalty provisions when the repealed sections were recodified, the Legislature clearly showed its intent that the provisions of Section 98 be repealed by implication. It is, therefore, the opinion of the Attorney General that your request be answered in the following manner: The board of county commissioners of a county is authorized to commission special officers or patrolmen for the purposes specified in 47 O.S. 97 [47-97] (1971). The special officers so commissioned must give a bond conditioned upon the faithful performance of their duties to enforce laws "regarding motor vehicles or the usage of public highways or for other violations of the law". However, the appointment of such special officers may not be made except in conformity with 70 O.S. 3311 [70-3311] (1975), which requires that all persons receiving a permanent appointment as a peace officer in this state be trained and tested and issued a certificate by the Southwest Center for Law Enforcement Education. Although the board of county commissioners may compensate officers specially commissioned under 47 O.S. 97 [47-97] (1971), said special officers may not be paid any compensation from fines and forfeitures derived through violations of traffic laws. All such fines and forfeitures must be deposited in the Court Fund and all claims against the Court Fund must be limited to those items specifically allowed under 20 O.S. 1304 [20-1304] (1975). In light of the fact that the Legislature has repealed Sections 92, 92a, 93, 94 and 95 of Title 47, the penalty provision provided in Section 98 has been superseded and it was the clear intent of the Legislature that Section 98 be repealed by implication. (Michael Cauthron)